# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED FIRE & CASUALTY COMPANY, | Civil No. 18-3146 (JRT/KMM) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER GRANTING THIRD-PARTY DEFENDANT SAINT PAUL PUBLIC SCHOOLS, INDEPENDENT SCHOOL DISTRICT NO. 625'S MOTION FOR JUDGMENT ON THE PLEADINGS** |
| WEBER, INC., STEPHEN T. WEBER, LISA J. WEBER, SALLY A. WEBER, WEBER CONSULTING ASSOCIATES, INC., | |
| Defendants and Third-Party Plaintiffs, | |
| v. | |
| SAINT PAUL PUBLIC SCHOOL DISTRICT NO. 625, | |
| Third-Party Defendant. | |

Daniel R. Gregerson, **GREGERSON, ROSOW, JOHNSON & NILAN, LTD**., 100 Washington Avenue South, Suite 1550, Minneapolis, MN 55401, for plaintiff.

Kyle E. Hart, **FABYANSKE WESTRA HART & THOMSON, PA**, 333 South Seventh Street, Suite 2600, Minneapolis, MN 55402, for defendants and third-party plaintiffs.

Aaron G. Thomas and Jordan Weber, **BRIGGS & MORGAN, PA**, 80 South Eighth Street, Suite 2200, Minneapolis, MN 55402, for third-party defendant.

Plaintiff United Fire & Casualty Co. ("United Fire") brought this case against Defendants and Third-Party Plaintiffs Weber, Inc., Stephen T. Weber, Lisa J. Weber, Sally A. Weber, and Weber Consulting Associates, Inc., (collectively, "Weber") seeking indemnification on payment bonds issued on a school renovation project. Weber then impleaded Saint Paul Public Schools, Independent School District No. 625 (the "School District") as a third-party defendant, seeking indemnification, breach of contract, and other related claims. The School District now seeks dismissal of the third-party claims on *forum non conveniens* grounds, as the contract between Weber, Inc. and the School District contains a valid forum selection clause. Because recent Supreme Court decisions strongly favor enforcing forum selection clauses, even to the detriment of judicial economy, the Court will grant the School District's motion for judgment on the pleadings and will dismiss Weber's complaint for *forum non conveniens*.

## BACKGROUND

In March 2017, Plaintiff United Fire issued contractor surety bonds in connection with a construction project at Highland Park Elementary in Saint Paul. (Compl. ¶ 8, Nov. 8, 2018, Docket No. 1). United Fire issued these bonds in the amount of $17.7 million dollars, naming Weber, Inc. as the bond principal, and the School District as the bond obligee. (*Id.*) In the fall of 2017, the School District notified United Fire and Weber of alleged failures in the project. (*Id.* ¶¶ 9–10.) In December 2017, the School District informed United Fire and Weber that it planned to declare a formal default as a precursor to termination. (*Id.* ¶ 11.) The School District demanded, and United Fire provided, a construction consultant to work on-site to ensure that construction continued appropriately.

(*Id.* ¶¶ 13–15).  United Fire has received at least one claim from a Weber subcontractor, seeking payment for work done.  (*Id.* ¶¶ 18–21).

In November 2018, United Fire brought claims against Weber in this Court in diversity.  (Compl. at 1.)  United Fire sought indemnity and exoneration as to all of the costs and fees resulting from construction consultations and the claims on the bonds.  (*Id.* at 5–6.)  In December 2018, shortly after answering United Fire's Complaint, Weber filed a third-party complaint against the School District alleging breach of contract and tortious interference.  (Third-Party Compl. ¶¶ 22–33, Dec. 21, 2018, Docket No. 8.)  Weber, Inc. also claimed that its contract with the School District required arbitration and requested that the Court stay the case until Weber, Inc. and the School District resolved their claims in an arbitral forum.  (*Id.* ¶¶ 34–39.)

In January 2019, the School District answered and filed counterclaims against Weber, Inc.  (Third-Party Answer & Counterclaims ("Answer"), Jan. 22, 2019, Docket No. 15.)  The School District alleged breach of contract claims stemming from Weber, Inc.'s work on the construction project.  (*Id.* ¶¶ 55–70.)  The School District agreed that the case should be stayed and argued that the forum selection clause allowed it to choose litigation in Ramsey County District Court.  (*Id.* ¶¶ 39, 71–74.)

The Magistrate Judge stayed the case pending the outcome of an arbitration proceeding that Weber, Inc. had begun against the School District in January of 2018.  (*Id.* ¶ 48; Case Mgmt. Order at 1–2, Feb. 11, 2019, Docket No. 20.)  The arbitration panel later found that the contract between Weber, Inc. and the School District gives the School

District sole discretion whether to arbitrate claims or to litigate them in Ramsey County District Court. (Aff. of Aaron G. Thomas, Ex 1 at 5, May 31, 2019, Docket No. 26-1.)

The School District then filed the current motion, seeking to dismiss the claims against it under the doctrine of *forum non conveniens*. (Mot. at 1, May 31, 2019, Docket No. 23.) The contract between the School District and Weber, Inc. contains a forum selection clause, which states that:

> Any and all disputes and claims, if not resolved through the parties' direct negotiations or through the process of mediation, shall be resolved either through binding arbitration or, alternatively, through litigation in the Ramsey County (Minnesota) District Court, as chosen and determined by the Owner [the School District] in its sole discretion.

(Answer, Ex. 1 at 5.) The School District requests that the Court dismiss Weber's claims against it in favor of litigation in Ramsey Country District Court.

## DISCUSSION

### I. STANDARD OF REVIEW

#### A. Judgment on the Pleadings

A party may move for judgment on the pleadings "[a]fter the pleadings are closed—but early enough not to delay trial . . . ." Fed. R. Civ. P. 12(c). A Rule 12(c) motion should be granted only "where the moving party has clearly established that no material issue of fact remains and the moving party is entitled to judgment as a matter of law." *Potthoff v. Morin*, 245 F.3d 710, 715 (8th Cir. 2001). The Court must accept as true "all facts pled by the non-moving party and grant all reasonable inferences from the pleadings in favor of the non-moving party." *Id.*

### B. Forum Selection Clauses

"A valid forum-selection clause should be given controlling weight in all but the most exceptional cases." *Enerplus Res. (USA) Corp. v. Wilkinson*, 865 F.3d 1094, 1097 n.5 (8th Cir. 2017) (citing *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Tex.*, 571 U.S. 49, 60 (2013)). Both federal and Minnesota law consider forum selection clauses to be prima facie valid, and enforce them unless they are unjust, unreasonable, or invalid. *See Servewell Plumbing, LLC v. Fed. Ins. Co.*, 439 F.3d 786, 789 (8th Cir. 2006); *Hauenstein & Bermeister, Inc. v. Met-Fab Indus., Inc.*, 320 N.W.2d 886, 889–90 (Minn. 1982).

### C. *Forum Non Conveniens*

The appropriate way to enforce a forum-selection clause pointing to a state forum is through the doctrine of *forum non conveniens*. *City of Benkelman, Neb. v. Baseline Eng'g Corp.*, 867 F.3d 875, 882 n.6 (8th Cir. 2017) (citing *Atl. Marine*, 571 U.S. at 60). "The principle of *forum non conveniens* permits a court to decline jurisdiction even though venue and jurisdiction are proper" because the action should instead be tried in another judicial forum. *Mizokami Bros. of Ariz. v. Mobay Chem. Corp.*, 660 F.2d 712, 717 (8th Cir. 1981) (quoting *Dahl v. United Techs. Corp.*, 632 F.2d 1027, 1029 (3rd Cir. 1980)).

In considering whether to dismiss under the doctrine of *forum non conveniens*, courts normally consider both private interest and public interest factors. *Atl. Marine*, 571 U.S. at 62–63. Private interest factors include relative ease of access to sources of proof, the cost of obtaining attendance of willing witnesses, and other practical issues that can make litigation of a case more feasible. *See id.* at 63, n6. (citing *Piper Aircraft*, 454

U.S. at 241 n.6). "Public-interest factors may include 'the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; and the interest in having the trial of a diversity case in a forum that is at home with the law.'" *Id.*

The moving party generally "has the burden of persuasion in proving all elements necessary for the court to dismiss a claim based on *forum non conveniens*." *Reid-Walen v. Hansen*, 933 F.2d 1390, 1393 (8th Cir. 1991). However, when there is a valid forum selection clause, the court must disregard consideration of private factors and the burden shifts to the nonmoving party, who must "show[] that public-interest factors overwhelmingly disfavor a transfer." *Atl. Marine*, 571 U.S. at 67.

### D. Rule 14 Impleader

"The very purpose of Rule 14 . . . was to avoid circuity of action and multiplicity of suits." *Waylander-Peterson Co. v. Great N. Ry. Co.*, 201 F.2d 408, 415 (8th Cir. 1953). Accordingly, courts have found that a "third-party defendant [] lacks standing to challenge venue in the main action." *Lyon Fin. Servs., Inc. v. Dutt*, No. 08-4735(RHK/JSM), 2008 WL 5104686, at *1 (D. Minn. Nov. 25, 2008). In at least some circumstances, courts have found that parties may not contract around Rule 14. *See, e.g., Colton v. Swain*, 527 F.2d 296, 299 (7th Cir. 1975) (stating that "private contractual arrangements . . . should not circumvent the policy of the rule.")

## II.	PRIORITY OF A VALID FORUM SELECTION CLAUSE

The Court finds that a valid forum selection clause takes priority over Rule 14 impleader because the Supreme Court has made clear that "forum-selection clauses should control except in unusual cases." *Atl. Marine*, 571 U.S. at 64.

A forum selection clause may be set aside only where the enforcement of the clause would be "unjust or unreasonable or invalid." *M.B. Rests., Inc. v. CKE Rests., Inc.*, 183 F.3d 750, 752 (8th Cir. 1999). This is a high bar, requiring, for example, that the clause was included in the contract only by "fraud or overreaching." *Id.* (citing *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15 (1972)). A court may also disregard a forum selection clause if it would mean that a party will "for all practical purposes be deprived of his day in court." *M/S Bremen*, 407 U.S. at 18. However, absent such compelling reasons not to enforce a forum selection clause, "'the interest of justice' is served by holding parties to their bargain." *Atl. Marine*, 571 U.S. at 66 (quoting 28 U.S.C. 1404(a)). The parties do not dispute the validity of the forum selection clause, and there is no argument that the clause was the result of fraud or overreaching. Nor does Weber argue that it will be deprived of its day in court if required to litigate in state court.

Instead, Weber argues that judicial efficiency should outweigh the forum selection clause, particularly given the fact that Weber did not choose this forum. Weber points to *American Licorice Co. v. Total Sweeteners, Inc*., No. C-13-1929 EMC, 2014 WL 892409, at *6–7 (N.D. Cal. Mar. 4, 2014), which found that Rule 14 impleader could override a

valid forum selection clause because keeping the case together was a more efficient outcome.

*American Licorice* is not persuasive. The facts in the present case are not so unusual that Weber is exempt from the clear rule set out in *Atlantic Marine*. The Supreme Court has developed robust rules in favor of enforcing forum selection clauses. In the face of such precedent, Rule 14's considerations of efficiency and judicial economy are not strong enough to be given "absolute primacy." *Glob. Quality Foods, Inc. v. Van Hoekelen Greenhouses, Inc.*, No. 16-CV-00920-LB, 2016 WL 4259126, at *5 (N.D. Cal. Aug. 12, 2016). In addition, the Court notes that the vast majority of courts that have addressed this issue have similarly found that a valid forum selection clause must trump the policy considerations of Rule 14.[1]

## III. *FORUM NON CONVENIENS* ANALYSIS

Because this case involves a valid forum selection clause, the Court's *forum non conveniens* analysis is limited to arguments about public interest factors. *Atl. Marine*,

---

[1] *See e.g. United States ex rel. D.D.S. Indus., Inc. v. Nauset Constr. Corp.*, No. 16-12009-NMG, 2018 WL 5303036, at *4 (D. Mass. Oct. 25, 2018) (referring to the arguments about judicial efficiency as a "platitude" and severing and transferring the third-party claim per the forum selection clause); *Grisham v. Guar. Tr. Life Ins. Co.,* No. 1:16 CV 283 ACL, 2018 WL 1725801, at *5 (E.D. Mo. Apr. 9, 2018) (noting that forum selection clauses are due more weight than judicial economy); *Robrinzine v. Big Lots Stores, Inc.,* No. 15-CV-7239, 2016 WL 3459733, at *9 (N.D. Ill. June 24, 2016) (dismissing third-party complaint for *forum non conveniens* based on a forum selection clause); *Bridgemans Servs. Ltd. v. George Hancock, Inc*., No. C14-1714JLR, 2015 WL 4724567, at *5 (W.D. Wash. Aug. 7, 2015) (reviewing the factors for *forum non conveniens* and finding no showing that the factors overwhelmingly disfavor enforcement of a valid forum selection clause.); *Premiere Radio Networks, Inc. v. Hillshire Brands Co*., No. 12-10199 CAS PJWX, 2013 WL 5944051, at *3 (C.D. Cal. Nov. 4, 2013) (explicitly rejecting Rule 14 arguments and noting that "considerations of judicial economy alone do not permit this court to ignore a 'presumptively valid' forum selection clause").

571 U.S. at 67. Weber has not met its burden of showing that public interest factors "overwhelmingly" disfavor a transfer. There are no real administrative difficulties. The alternative forum, Ramsey County District Court, is also local and well-versed in Minnesota law. As a result, the Court will dismiss Weber, Inc's claims against the School District on the grounds of forum non conveniens due to the forum selection clause in the contact between Weber, Inc. and the School District.

The claims of the remaining Defendants and Third-Party Plaintiffs against the School District are inextricably linked with Weber, Inc.'s claims against the School District. After reviewing the public and private interest factors, the Court will dismiss the remainder of Weber's claims against the School District. The convenience of parties and witnesses and judicial efficiency will be better served by keeping all of Weber's claims against the School District together, as opposed to further splitting this litigation.

Weber's judicial efficiency arguments for keeping the dispute together in federal court make a great deal of sense. However, overwhelming suggests the forum selection clause must be honored and the Court will therefore grant the School District's motion for judgment on the pleadings.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Saint Paul Public Schools, Independent School District No. 625's Motion for Judgment on the Pleadings [Docket No. 23] is **GRANTED** and that the claims of Weber, Inc., Stephen T. Weber, Lisa J. Weber, Sally A. Weber, and Weber

Consulting Associates, Inc. against Saint Paul Public Schools, Independent School District No. 625 are **DISMISSED WITHOUT PREJUDICE**.

    **LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: January 21, 2020            _____/s/ John R. Tunheim_____
at Minneapolis, Minnesota.            JOHN R. TUNHEIM
                                                    United States District Judge